IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRAVIS L. ROBERTSON                                                                PLAINTIFF

V.                         CIVIL ACTION NO. 2:15-CV-2073-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                     DEFENDANT

## **FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Plaintiff is a Vietnam Veteran now suffering from PTSD, for which the Veteran's Administration ("VA") assigned a 70 percent disability rating and assessed him as unemployable. Plaintiff raises three issues on appeal: (1) whether his impairment meets the requirements of Listing 12.06; (2) whether the ALJ's RFC assessment is supported by substantial evidence; and, (3) whether he is capable of performing the positions identified by the ALJ at step five of the sequential analysis.

The Court finds that the evidence does not meet the requirements of Listing 12.06. While Dr. Billingsley's June 2013 report does acknowledge some limitations in the pertinent areas of functioning, it does not label those limitations as "marked." For the Court to consider those limitations as "marked" would require us to substitute our opinion for that of Dr. Billingsley. *See Finch v. Astrue*, 547 F. 3d 933, 937-938 (8th Cir. 2008) (holding ALJ may not substitute his opinion for that of a treating doctor).

The Court, however, is concerned with the adequacy of the ALJ's credibility determination and finds that remand is necessary to allow the ALJ to conduct a proper credibility analysis. On remand, the ALJ should identify those factors which would support discrediting the Plaintiff's subjective complaints and testimony, as well as the reports and testimony of Plaintiff's wife and family members. *See Lowe v. Apfel,* 226 F.3d 969, 971 (8th Cir. 2000) (in discrediting Plaintiff's subjective complaints, ALJ is required to consider all available evidence on the record as a whole and is required to make an express credibility determination). If there is some basis to discredit the reports and testimony of his family members, beyond familial relationship and affection, the ALJ is further directed to set those forth in his opinion.

Additionally, the Court does not find substantial evidence to support the ALJ's RFC determination. While the Plaintiff's VA records do show improvement in lessening his suicidal ideations and thoughts, in other areas not much progress has been made. Plaintiff remains socially isolated for the most part, with minimal progress noted in reducing the frequency and intensity of avoidance symptoms and identifying and developing coping skills for his depression. He has also identified several PTSD triggers to include loud noises and individuals of foreign descent, for which the ALJ has not accounted in the RFC. Therefore, the ALJ is directed to obtain an RFC assessment from Plaintiff's treating physicians and therapists at the VA. Special attention should

be given to the Plaintiff's known PTSD triggers and their impact on his ability to perform work-related tasks.

It also troubles the Court that the ALJ neither discussed Dr. Billingsley's June 2013 evaluation nor indicated the weight assigned to said report. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Although not in RFC form, Dr. Billingsley did assess the Plaintiff's adaptive functioning. Accordingly, on remand, the ALJ is directed to discuss Dr. Billingsley's report, state with specificity the weight assigned to said opinion, and provide all justifications for discrediting the assessment. *See Prosch v. Apfel,* 201 F.3d 1010, 1012-13 (8th Cir. 2000) (whether ALJ grants treating physician's opinion substantial or little weight, regulations provide that ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation); *see also* Social Security Ruling 96-2p.

The ALJ also disregarded the VA's determination that the Plaintiff has a 70 percent disability rating based on PTSD and is unemployable. Although the ALJ contends he cannot determine the basis for the VA's decision, the VA Rating Decision clearly indicates that the VA relied upon the same medical evidence as is contained in the record presently before the Court. Therefore, on remand, the ALJ is directed to identify specifically any evidence supporting a decision to disregard the VA's decision and his reasons for doing so.

Lastly, due to a flawed RFC, the Court does not believe the hypothetical questions posed to the vocational expert included all of the Plaintiff's impairments. Thus, the vocational expert's testimony does not constitute substantial evidence to support the ALJ's decision. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (hypothetical question to the vocational expert needs to include only those impairments that

are substantially supported by the record as a whole)). On remand, upon reconsideration of the Plaintiff's RFC based on an additional RFC assessment to be obtained from the Plaintiff's treating physicians at the VA, the ALJ should reformulate the hypothetical to the VE to include all of the Plaintiff's impairments.

    IT IS SO ORDERED AND ADJUDGED on this the 16th day of May, 2016.

                              /s/ *Mark E. Ford*
                              HON. MARK E. FORD
                              UNITED STATES MAGISTRATE JUDGE